J. Seoane & Co., Sucrs., S. en C., demandante y apelante, *v.* Encarnación Hernández, Generoso, Etelvina, Alfonso y Jacinto Zayas, demandados y apelados.

Núm. 6898.—*Sometido:* Marzo 4, 1937. *Resuelto:* Julio 23, 1937.

*Antonio L. López*, abogado de la apelante; *M. Rodríguez Alberty*, abogado de los apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

J. Seoane y Co., Sucesores, una sociedad mercantil en comandita, demandó a Encarnación Hernández y a sus hijos Generoso, Etelvina, Alfonso y Jacinto Zayas, en solicitud de una sentencia que declarara rescindida cierta escritura otorgada por los demandados renunciando sus derechos a determinada finca rústica, por haberse hecho el otorgamiento en fraude de su acreedor la demandante.

Para fundar su petición alegó sustancialmente en su demanda que los cuatro primeros demandados en agosto 6, 1928, suscribieron solidariamente a la orden de la demandante y le entregaron un pagaré por valor recibido por qui-

nientos dólares e intereses de mora al uno por ciento mensual a vencer en noviembre de 1928; que le abonaron cien dólares y no habiendo satisfecho el resto, la demandante se lo reclamó judicialmente iniciando su acción en agosto 14, 1930, y obteniendo sentencia favorable, que es firme, en octubre 21, 1930, y que trató de ejecutar dicha sentencia en bienes de los deudores y encontró que no los tenían.

Y siguió alegando en su demanda que los dichos cuatro primeros demandados en unión del quinto y último integran la Sucesión de Maximino Zayas que falleció en Cayey en 1928, siendo su viuda la primera y sus hijos los otros; que durante su matrimonio Maximino Zayas adquirió por compra una finca de diez y siete cuerdas situada en el barrio de Beatriz de Cayey que mantuvo libre de cargas hasta su fallecimiento; que Maximino Zayas en su testamento dejó a su hijo el demandado Jacinto en concepto de mejoras la indicada finca; que siendo dicha finca ganancial, para poder cumplir el testamento era necesario liquidar la sociedad de gananciales disuelta por la muerte de su socio el testador, lo que nunca se hizo, y que conocedores los demandados de que no bastaba el testamento por sí solo para que Jacinto adquiriera el dominio de la finca en su totalidad, por escritura de agosto 30, 1930, los cuatro primeros renunciaron a favor del último sus derechos a ella, por mera liberalidad y sin consideración alguna, siendo dicha renuncia equivalente a una donación graciosa y que cuando tal acto, que dejó a los cuatro primeros demandados en estado de insolvencia, se llevó a efecto, ya habían sido dichos demandados notificados de la demanda en cobro del pagaré.

Contestaron los demandados admitiendo la existencia del pagaré, la del pleito iniciado en cobro del mismo y la de la escritura de renuncia otorgada el 29 de agosto de 1930 y no el 30, pero negaron que tal acto constituyera una donación fraudulenta, alegando que siempre tuvieron otros bienes con que responder a su acreedor.

Fué el pleito a juicio. Introdujo la demandante evidencia documental y testifical. Entre la primera figura una certificación expedida por el registrador de la propiedad de Guayama que se refiere a varias inscripciones de la finca en cuestión, apareciendo de la sexta hecha a favor del demandado Jacinto Zayas, que Maximino Zayas falleció en diciembre 24, 1927, bajo testamento otorgado ante notario el mismo año, en el cual mejoró a su hijo Jacinto con la finca, e instituyó como herederos universales suyos en el remanente de sus bienes, a su viuda y a sus hijos, que dichos herederos hicieron constar en acta notarial de agosto 29, 1930, que por propia voluntad y en atención a que en la finca vivía la viuda y a haber sido ésa la voluntad del testador, renunciaban a cualquier derecho que como herederos pudieran tener sobre la misma.

La evidencia testifical de la demandante consistió en las declaraciones de su socio Rafael López y de su abogado Antonio L. López. El primero manifestó que gestionó el cobro del pagaré cerca de los deudores, que estuvo en la finca de que se trata y uno de ellos, Generoso, le dijo que eso era lo único que les quedaba y que ellos se lo habían regalado a su hermano, y el segundo después de expresar que había practicado una investigación que dió por resultado que los únicos herederos de la demandada doña Encarnación Hernández fallecida mientras se tramitaba el pleito, lo eran sus hijos los otros demandados Generoso, Etelvina, Alfonso y Jacinto Zayas, contestó a repreguntas de los demandados:

". . . . que no recordaba si fué o no abogado de Seoane en la referida corte municipal; que no sabe si J. Seoane y Cía. embargó alguna vez bienes en aquel caso; que no recuerda si se expidió alguna orden de embargo. Que el testigo vino al Registro y buscó y no aparecieron bienes inscritos a nombre de ninguno de los demandados o sea de los Zayas, esto es, del año 1930 para acá; que no tenían bienes, ni los tienen en la actualidad; que aparecieron bienes como sociedad, como aportados a una sociedad constituída por ellos; que no se embargaron bienes de esa sociedad; que no había bienes particulares."

Los demandados ofrecieron en evidencia el acta notarial de agosto 29, 1930, una escritura creditiva de la venta de un predio de terreno de cinco cuerdas hecha en junio de 1930 por la demandada Encarnación Hernández a favor de Miguel Rodríguez por precio de cuatrocientos dólares, el testamento de Maximino Zayas, los autos del pleito Núm. 9262 iniciado en diciembre 19, 1930, contra la Sucesión de Maximino Zayas en la Corte de Distrito de Guayama en cobro de hipoteca en el cual se adjudicaron finalmente al acreedor cuatro fincas por precio de $2,640, el expediente sobre autorización judicial para arrendar a la sociedad agrícola Zayas los condominios del menor demandado Jacinto por canon anual de $350, iniciado y resuelto en junio de 1930 y los autos sobre división de comunidad de bienes de los cuales aparece que Etelvina Zayas, una de las aquí demandadas, era dueña en común y pro indiviso con su hija Dora de una casa radicada en terrenos de la Sucesión Zayas, pleito iniciado en 1934.

Como testigo, declaró en su favor su abogado Miguel Rodríguez. Reconoció un documento privado por virtud del cual la demandada Encarnación Hernández arrendó en 1931 una finca de tres cuerdas y media a Manuel Morales y dijo:

". . . . que por indicaciones del que fué abogado de la Sucesión Zayas, Benigno Fernández García, para aclarar el testamento del causante Maximino Zayas en cuanto a la mejora de su hijo Jacinto, redactó el acta notarial de 29 de agosto de 1930, antes relacionada, por insinuación del Registrador de la Propiedad de Guayama, P. R., y luego por escrito del día siguiente, 30 de agosto de 1930, solicitó la inscripción de dicha acta para poder inscribir e identificar la finca por sus colindancias y después hipotecarla, como se hipotecó, para pagar un legado a María Luisa Santiago quien había seguido un pleito contra la Sucesión Zayas; que mediante dicha acta se identificó la finca y se aclararon las colindancias, y además se renunciaron algunos derechos, si los tuvieran, en la hipótesis de que la cabida no cupiera en el tercio de libre disposición de que habla el mismo testamento. Que ésa fué la actuación del testigo en el acta notarial, la cual su deber como notario le obligaba a explicarla, ya que se pide la rescisión de dicha acta por un supuesto fraude, cuando solamente se aclaraban colindancias."

Basándose en las alegaciones y las pruebas la corte declaró la demanda sin lugar. La demandante apeló. Señala en su alegato dos errores cometido el primero a su juicio por la corte al resolver que la donación consignada en la escritura de agosto 29 no fué otorgada en fraude de su crédito y el segundo al no condenar a los demandados solidariamente al pago de las costas. Claro es que si no se cometió el primero, no habrá siquiera que hacer nueva referencia al segundo.

Al formular su señalamiento de error parte la apelante de la base de que constituye una donación graciosa el acto realizado por los cuatro primeros demandados al renunciar sus derechos a la finca de que se trata, acto que completando en lo que pudiera faltar la disposición testamentaria de Maximino Zayas mejorando a su hijo más pequeño el otro demandado Jacinto, causó la inscripción en el registro de la finca a favor del mismo, y aceptando nosotros, sin resolverlo, que sea así, esto es, colocándonos en el terreno más favorable a la apelante, creemos, sin embargo, que no debe revocarse la sentencia recurrida.

Es cierto que el artículo 585 del Código Civil, ed. 1930, prescribe:

"Artículo 585.—No mediando estipulación respecto al pago de deudas, sólo responderá de ellas el donatario cuando la donación se haya hecho en fraude de los acreedores.

"Se presumirá siempre hecha la donación en fraude de los acreedores, cuando al hacerla no se haya reservado el donante bienes bastantes para pagar las deudas anteriores a ella."

Y que comentando Manresa una disposición igual del Código Civil Español, expresa:

"La presunción del art. 643 cuando el acto más o menos disfrazado constituya una verdadera donación, no puede ser más justo. Primero es pagar que donar. El que al hacer donación no se reserva bienes bastantes para satisfacer sus deudas, perjudica sin razón a sus acreedores, o pretendiendo burlarlos o favoreciendo a quien nada debe, de un modo irreflexivo. Justo es que la ley prefiera el derecho

de los acreedores al del donatario, porque éste sólo deja de ganar y aquéllos reciben un daño real y efectivo.'' 5 Manresa, Comentarios al Código Civil Español, pág. 148, 5ta. ed.

Pero si guiados por el precepto y a la luz del comentario examinamos la prueba que antes resumimos, encontraremos que la de la demandante no demuestra de modo terminante que al donar sus deudores sus derechos sobre la finca en cuestión, no se hubieran reservado bienes suficientes para pagar los cuatrocientos dólares que debían a la demandante, y encontraremos de igual modo que la de los demandados tiende a demostrar que en realidad de verdad a la fecha de la donación tenían con qué responder de su deuda para con la demandante y que si ésta no la hizo efectiva lo fué por su falta de diligencia.

Y siendo ése el resultado de la prueba, no cabe anular la donación que por otro lado no inspira ni siquiera la sospecha de fraude alguno si que se explica perfectamente por los motivos consignados en el acta de agosto 29, 1930, a saber, hacer los hijos mayores efectiva la voluntad del padre consignada de modo solemne en su testamento y asegurar a la madre y al hermano menor de edad un hogar donde continuar viviendo.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.